of it. In the mean time, judgment of nonsuit must be entered.

N. B. The court never spoke to it again.

### The President and Directors of the Manhattan Company v. Ledyard & Ledyard.

THIS case case was submitted without argument. RADCLIFF, Justice, now delivered the opinion of the court.

This is an action by the plaintiffs, as indorsees of a promissory note made by *Brown, Talbot & Co.* to the defendants, for 488 dollars and 17 cents, and indorsed by them to the plaintiffs.

The declaration avers, that *James Brown, William Talbot*, and *John Goodere*, acting under the firm of *Brown, Talbot & Co.* made the note in question, the proper name and firm of *Brown Talbot & Co.* being thereunto subscribed; and that the defendants being partners, under the firm of *Austin Ledyard & Co.* indorsed the said note in writing, *the proper name and style of the said firm of Austin Ledyard & Co.* being thereunto subscribed. The other parts of the declaration are in the usual form.

The partnerships of the makers and indorsees of the note, and the making and indorsing of the same, as above set forth, are admitted.

The evidence on the trial was, that *Brown*, one of the makers, subscribed the note by the partnership

firm, and that *Austin Ledyard,* one of the firm of *Austin Ledyard & Co.* indorsed the same with the name of that firm. The question submitted by the parties is, whether the evidence supports the aver- ments contained in the declaration.

We have no doubt that the averments were suffi- ciently supported by this evidence. It was not ne- cessary to set forth, that one of the partners of each of the firms, made and indorsed the note in the name or style of the respective partnerships. Although made and indorsed by one of the partners of each house, the legal effect was the same, and it is in all cases sufficient to set forth a writing according to its legal effect or operation. We are, therefore, of opin- ion, that the plaintiffs are entitled to judgment.

Aug. Term, 1803.

### *John J. Arjo* v. *Joaquim Monteiro.*

BY THE COURT. If an alien defendant file his petition, &c. to remove the suit into the circuit court of the *United States,* at the time of filing special bail, he is in season, though the bail may have been ex- cepted to.

### *Jackson, on the demise of Hogeboom,* v. *John Stiles, Austin Griffin, tenant in possession.*

A TITLE to the premises in question had been awarded to the lessor of the plaintiff by the commis- sioners appointed to settle disputes to land, in the county of *Onondago,* and he had served declarations on the tenants, with the usual notices annexed. The declarations, however, contained blanks for the towns